JAMES TILLEY et al., Appellants, *v.* SAMUEL D. COYKENDALL, Respondent.

PLEADING — ACTION TO ENFORCE JUDGMENT, RECOVERED AGAINST A CORPORATION, AGAINST ITS PRESIDENT PERSONALLY — WHEN ALLEGATIONS OF COMPLAINT DO NOT STATE FACTS CONSTITUTING A CAUSE OF ACTION. An action upon an unsatisfied judgment, obtained against a foreign corporation for injury to property caused by its negligence, cannot be maintained against the president of the corporation personally, upon a complaint alleging that process in the action in which the judgment was obtained was served upon him as president of such corporation, and that as such officer he caused the suit to be defended, and was personally cognizant of all the steps in the litigation; that, at the time of the injuries to plaintiffs' property and during the action in which such judgment was obtained, the corporation was a myth and did not exist, because the organization required by the law under which the corporation was organized was not kept up, and that during such time its president was the real owner and in possession of the property, and the real party engaged in the business of the corporation; since the defendant did not make himself personally liable by defending the action in which the judgment was obtained as president of the corporation, nor can he be personally charged with the payment of a judgment recovered in an action against it to which he was not a party, where he is not charged with any personal negligence resulting in the injuries constituting the basis of the judgment sued upon in the present action; and hence he cannot be compelled to try that question in a court of equity upon a complaint which does not charge it.

*Tilley* v. *Coykendall*, 69 App. Div. 92, affirmed.

(Argued November 11, 1902; decided December 9, 1902.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 25, 1902, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Nelson Zabriskie* for appellants.    The facts alleged in the complaint show that Samuel L. Coykendall, at the time in question, was doing business under the name of the Beverwyck Towing Company and was the sole owner of all its stock, bonds, vessels and other property, having purchased and subsequently paid for the same with his own money; that he was in sole possession of all of its vessels, operating the same for his own benefit and gain; that he did not pretend to keep up the corporate organization of said company by the election of officers, directors, etc., and could not have done so, as he alone owned all the stock. (*L. & N. R. R. Co.* v. *Schmidt,* 177 U. S. 230; *I. T. Co.* v. *B. & O. T. Co.,* 51 Fed. Rep. 49.) The estoppel contended for by defendant could, in no event, go beyond the right to insist upon the trial of the City Court action that no proof could be given there without amendment and without showing the facts here disclosed that Mr. Coykendall was the company. (2 Cook on Corp. § 664; *Seacord* v. *Pendleton,* 55 Hun, 579; *Fuller* v. *Rowe,* 57 N. Y. 23; *Vaugh* v. *Hixon,* 50 Kan. 773; *Anthony* v. *A. G. Co.,* 146 N. Y. 407; *The John G. Stevens,* 170 U. S. 113; *Schmidt* v. *L. C. & L. Ry. Co.,* 35 S. W. Rep. 137; *Skinner* v. *Smith,* 134 N. Y. 240; *People* v. *Ballard,* 136 N. Y. 639; *Denike* v. *N. Y. & R. L. & C. Co.,* 80 N. Y. 599.) Upon the principle of *res adjudicata* Samuel D. Coykendall is liable on the judgments in question in this suit. (Freeman on Judgments, § 174; *E. M. Co.* v. *D. B. Mfg. Co.,* 50 Fed. Rep. 193; *Valentine* v. *Mahoney,* 37 Cal. 389; *Schmidt* v. *L. C. & L. Ry. Co.,* 35 S. W. Rep. 135; *Ashton* v. *City of Rochester,* 133 N. Y. 187; *Robbins* v. *Chicago,* 4 Wall. 657; *Green* v. *Bogue,* 158 U. S. 478; *Williams* v. *Barkley,* 165 N. Y. 48.) When a privy, or the real, although not the nominal defendant in the original action, is sought to be held liable after the previous litigation, the cause of action must not be upon the original cause of action, but upon the judgments

obtained therein, and the defendant in the new suit is liable, if at all, for the costs which have accrued by reason of his litigation as well as for the original claim and interest. (*Schmidt* v. *L. C. & L. Ry. Co.*, 35 S. W. Rep. 135; *Munzinger* v. *Courier Co.*, 82 Hun, 575; *Stuyvesant* v. *Weil*, 41 App. Div. 551; 167 N. Y. 421; Herman on Estoppel, 560; *Tootle* v. *Coleman*, 107 Fed. Rep. 41; *Carr* v. *Rischer*, 119 N. Y. 117; *Coatsworth* v. *L. V. R. Co.*, 156 N. Y. 451; *Sage* v. *Culver*, 147 N. Y. 241; *Greeff* v. *E. L. Assur. Soc.*, 160 N. Y. 19; *Spencer* v. *W. R. R. Co.*, 36 App. Div. 446; *Parker* v. *P. Co.*, 36 App. Div. 208; *Harris* v. *Elliott*, 163 N. Y. 169.)

*Amos Van Etten* for respondent. The plaintiffs having recovered a personal judgment against the Beverwyck Towing Company, alleging it to be a corporation, for damages to a boat and cargo of ice, such judgment cannot be transferred in equity against Samuel D. Coykendall, who is not named in the judgment or in the complaint upon which judgment was recovered, and his property cannot be taken to satisfy the judgment, he never having had a day in court to contest a personal claim made against him. (5 Thomp. on Corp. § 6598; *B. L. T. & S. D. Co.* v. *M. G. Co.*, 162 N. Y. 76.) The allegations of the complaint estop the plaintiffs from a recovery in this action, but do not conclude the defendant herein. (6 Thomp. on Corp. § 7644; Morawetz on Priv. Corp. § 748; *Fisher* v. *Hepburn*, 48 N. Y. 41; *Bassett* v. *Fish*, 75 N. Y. 303; *Shaw* v. *Cook*, 78 N. Y. 194; *N. Y. M. P. Co.* v. *Remington*, 89 N. Y. 22; *Goebel* v. *Iffla*, 111 N. Y. 170; *Barber* v. *Kendall*, 158 N. Y. 401; *Collins* v. *Hydorn*, 135 N. Y. 320, 324; *Rathbone* v. *Hooney*, 58 N. Y. 467; Bigelow on Estoppel [2d ed.], 65.) The judgment sustaining this demurrer was properly made and the decision of the justice at Special Term and the Appellate Division should be affirmed. (*Greeff* v. *E. L. Assur. Society,* 160 N. Y. 29.)

O'BRIEN, J. The courts below have sustained a demurrer to the complaint, and, since no final judgment has been

entered in the case, the Appellate Division has certified to us the question whether the complaint states facts sufficient to constitute a cause of action.

The theory of the complaint is somewhat novel and peculiar. It alleges in substance that on the 2d day of December, 1898, the plaintiff recovered a judgment for $1,126.02, damages and costs, against a corporation known as the Beverwyck Towing Company, after a trial of the issues in the case and upon pleadings wherein the company defendant was charged with negligence when one of its steam towboats was engaged in towing upon the Hudson river the plaintiff's canal boat and her cargo, whereby the canal boat and cargo were damaged by the carelessness and negligence of the corporation engaged in towing on the river and canals. The corporation answered the complaint and denied all negligence on its part, and this issue was tried in the City Court and resulted in a verdict for the plaintiffs. The complaint then states that this judgment was subsequently affirmed in the General Term of the City Court, and afterwards by the Appellate Term of the Supreme Court, and that costs on both appeals were awarded against the corporation. Subsequently, as alleged, executions were issued upon these several judgments to the sheriff of the proper counties, and returned wholly unsatisfied.

Thus far all the complaint shows is that the plaintiffs had a good cause of action against the towing company and recovered. It is, however, alleged that the present defendant was the president of the corporation upon whom the service of process was made in that action, and as such officer he caused the suit to be defended and the appeals taken, and generally was personally cognizant of all the steps in the litigation. The damage to the plaintiffs' canal boat and cargo, as appears from the complaint, was suffered on the 25th of May, 1896. The suit to recover damages was commenced on the 31st of August, 1896. The complaint in the present case then proceeds to allege that on the 7th of August, 1894, about two years before the action for the damages was instituted, the defendant purchased all the stock and boats of the towing

company with all the property of the corporation, and then went into possession of the property and business of the corporation and was so in possession and conducting the business at the time of the accident and collision which resulted in the damage to plaintiffs' canal boat and cargo. It seems that the corporation was organized under the laws of West Virginia, and the other allegations of the complaint are directed to showing that at the time of the injury to plaintiffs' boat and cargo the corporation, as such, did not exist; that the organization required by the law of its creation was not kept up and so the corporation was a mere myth, and that the defendant was the real party engaged in the towing business and should be held responsible for the plaintiffs' damage and loss. The relief demanded is that the defendant be charged and held bound by the several judgments against the towing company and directed to pay the same, with costs of the action.

What the complaint really shows is that the plaintiffs never had any cause of action against the towing company as a corporation; that they sued the wrong party and recovered judgment against what was supposed to be a legal entity but which in fact had no actual or legal existence whatever. It is not at all probable that the corporation when sued by the plaintiffs for damages resulting from negligence could have made any defense on the ground that its president had become the owner of all its property and obligations and that its corporate organization had not been kept in life. Corporations do not always die from neglect to hold elections or to keep up the regular succession of directors and officers. It generally requires the judgment or decree of a competent court or an edict of the legislature or sovereign power to wholly terminate the legal existence of a corporation. In the absence of one or the other of these events a corporation, however it may be embarrassed from loss of its property or deserted by its officers, has generally life enough left to enable it to sue or be sued, and since the plaintiffs insisted upon treating this towing company as still existing for that purpose it is difficult to see how it could have avoided the issue which the suit presented. If

the corporation had in its answer set forth all the facts that the plaintiffs allege in this action they would not have availed it as a defense or shielded it from the charge which the plaintiffs made.

The defendant, as president of the company, did not make himself personally liable by defending the action. That is only the duty of the president of every corporation when sued upon a claim which he deems to be unjust or unlawful. It is difficult to perceive how the defendant can be charged with the payment of a judgment recovered in an action against the company to which he was in no legal sense a party. If the complaint had charged that the defendant was doing business under the name of the towing company, and that it was his personal negligence that produced the injury that resulted in plaintiffs' damages, then it is possible that the complaint could be sustained as an original action for negligence against the defendant, but nothing of that kind appears on the face of the complaint. It proceeds entirely upon the theory that upon some principle the defendant has in law or equity become personally liable for the payment of the judgment. Certainly that result does not follow from the mere fact that as an officer of the corporation he caused the suit to be defended, and in that capacity participated in the litigations. The defendant has never been charged with any personal negligence resulting in the damages which constitute the basis of the plaintiffs' claim. He has not yet had any opportunity to try that question, and before he can be required to respond in damages for his personal negligence, he is entitled to a trial of that issue before a jury. The fact that a mythical corporation under the control and charge of the defendant as its president has had such a trial does not answer the objection, since it does not follow that, because a jury awarded damages in an action against it, the same or any damages would have been given in an action against the defendant personally. He is now called upon by the complaint in this action to pay a judgment rendered in a case to which he was not a party, and even if he was he could not interpose any defense which only

applied to him as an individual. On the face of the complaint it does not appear that the defendant ever had his day in court to answer any charge of personal negligence, and he cannot now be compelled to try that question in a court of equity upon a complaint that does not charge it.

There is a line of cases that hold that where one corporation becomes merged in another or consolidated, or where one corporation takes over the property and franchises of another and practically absorbs it, the surviving or absorbing corporation becomes liable in certain cases and under certain circumstances for the obligations of the corporation that has been merged, consolidated or absorbed. Many of these cases have been cited in the learned opinion below, and others are referred to in recent discussions in this court. (*People ex rel. Manh. Ry. Co.* v. *Barker*, 165 N. Y. 330.) Perhaps the case that is the strongest reliance of the learned counsel for the plaintiffs is that of *Louisville & Nashville Railroad Company* v. *Schmidt* (177 U. S. 230). There is, however, a very marked and material distinction between that case and this. In the first place, the original action in that case was against a real existing corporate entity, against which an actual cause of action existed, and not as here against a mere myth, that upon the allegations of the complaint was never liable to the plaintiffs. In the second place, the railroad ultimately held liable for the judgment had been during the progress of the original action made a party and had interposed a defense, and, therefore, could very well be held to be bound by the judgment in the same way as if it had been sued in the first instance. Here the defendant, though upon the theory of the complaint the real party who committed the wrong, was never sued or impleaded, and never appeared or connected himself with the litigation, save only as an officer of the towing company. There is no principle that we are aware of by which a court of equity can now decree him as liable to pay the judgment or adjudge that he be charged with or bound by it.

It may be that the plaintiffs have some remedy for the collection of their judgment by an action of sequestration against

38

the corporation or by proceedings supplementary to execution, or upon the original claim by an amendment of the complaint, but we think the present complaint is bad.

The order appealed from should be affirmed, with costs, and the question certified answered in the negative, with leave to the plaintiffs to amend the complaint within twenty days on payment of costs.

PARKER, Ch. J., HAIGHT, MARTIN and CULLEN, JJ. (and BARTLETT, J., in result), concur; VANN, J., absent.

Order affirmed.